IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MI WINDOWS & DOORS, INC. )
)
      Plaintiff, )
)
   v. ) Civil Action No. 07-1233
)
SOUTHEASTERN FREIGHT LINES, INC. )
)
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                     November 25, 2008

      This is an action for declaratory judgment and breach of contract. Plaintiff, MI Windows & Doors, Inc. (MIWD), alleges that defendant Southeastern Freight Lines, Inc. (SEFL) is contractually obligated to defend and indemnify MIWD in a case brought against MIWD by a SEFL employee in the United States District Court for the Northern District of Alabama. The Alabama action relates to an injury that the SEFL employee allegedly sustained while unloading a truck containing MIWD products. MIWD alleges that the shipping agreement between MIWD and SEFL obligated SEFL to defend, indemnify, and provide insurance to MIWD related to the employee's injury [doc no. 1].

      SEFL filed a motion for judgment on the pleadings arguing, <u>inter alia</u>, that the Alabama action relates solely to MIWD's negligence and, therefore, SEFL is not contractually obligated to defend and indemnify MIWD. SEFL also argues that this action is premature because the Alabama litigation is still pending

and SEFL has not yet made payments in connection with the Alabama litigation.

MIWD has filed a motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15 to add paragraphs: (1) supporting its allegation that SEFL caused or contributed to the employee's injuries; and (2) explaining that a settlement agreement was reached in the Alabama action in September, 2008, whereas MIWD is now required to pay an amount of money in excess of $75,000 to the injured SEFL employee [doc no. 26].

Fed.R.Civ.P. 15(a) governs amendments to pleadings. Rule 15(a) stipulates that, once a response to a party's pleading has been filed, that pleading may only be amended with leave of the trial court or by written consent of the adverse party. Id. The court "should freely give leave when justice so requires." Id. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. See, e.g., Foman v. Davis, 371 U.S. 178, 181-82 (1962). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. See Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citing Foman, 371 U.S. 178)).

A district court may deny leave to amend under Rule 15(a) only when the amended complaint fails to state a claim or

when plaintiffs' delay "is undue, motivated by bad faith, or prejudicial to the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984) (citation omitted). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Here, SEFL asserts that MIWD's proposed amendment is "frivolous" and "futile" and would cause "expense" and "unnecessary delay" in the disposition of MIWD's claims. We disagree.

First, we do not believe that the amendment would be futile. The Court of Appeals for the Third Circuit has explained that a proposed amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). We do not find that the addition of information relating to the settlement or SEFL's negligence would cause a failure to state a claim. Additionally, we find it proper to plead that a settlement has been reached and that MIWD is legally obligated to pay the SEFL employee a sum of money to compensate him for his injuries. MIWD did not plead information regarding the settlement in its original complaint because the settlement occurred after MIWD initiated this action. Hence, we hold that the inclusion of information about the settlement is proper.

Second, leave to amend the complaint will not cause unnecessary delay. This case is in the early stages of litigation. Discovery has not yet begun. No trial date has been scheduled. Although a motion for judgment by the pleadings filed by SEFL is currently pending, SEFL's argument that the amendment "will only serve to delay the inevitable dismissal of MIWD's claims" is not persuasive.

Third, we do not agree with SEFL that it will be significantly prejudiced by the amended complaint because it "spent time and money to file a Motion for Judgment on the Pleadings" and because it will be required "at further expense and with unnecessary delay" to reformulate its motion. "Prejudice does not result merely from a party's having to incur additional counsel fees; nor does it result from a delay in the movement of the case." See Delaware Trust Co. v. Lal, No. 96-4784, 96-5783, 1997 WL 256958, at *2 (E.D. Pa. May 15, 1997) (citing Adams, 739 F.2d at 868). Allowing MIWD to amend its complaint, therefore, will not "create undue difficulty" in SEFL's defense in this lawsuit. Deakyne v. Comm'rs of Lewes, 416 F.2d 290, 300 (3d Cir. 1969).

Accordingly, the court finds no reason to preclude MIWD from amending its complaint. Therefore, we will grant MIWD's motion for leave to file an amended complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MI WINDOWS & DOORS, INC. )
)
      Plaintiff, )
)
v. ) Civil Action No. 07-1233
)
SOUTHEASTERN FREIGHT LINES, INC. )
)
      Defendant. )

ORDER

AND NOW, this 25th day of November, 2008, upon consideration of MI Windows & Door, Inc.'s motion for leave to file an amended complaint [doc. no. 26], IT IS HEREBY ORDERED that the motion is GRANTED.

MI Windows & Door, Inc. must file its amended complaint by November 28, 2008. Southeastern Freight Lines, Inc. must file its responsive pleading by December 18, 2008.

All other outstanding motions are denied without prejudice.

BY THE COURT:

_____, J.

cc:       All Counsel of Record