IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MI WINDOWS & DOORS, INC.        )
                                )
        Plaintiff,               )
                                )
    v.                           )  Civil Action No. 07-1233
                                )
SOUTHEASTERN FREIGHT LINES, INC. )
                                )
        Defendant.               )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    February 27, 2009

This is an action for declaratory judgment and breach of contract. Plaintiff, MI Windows & Doors, Inc. (MIWD), alleges that defendant Southeastern Freight Lines, Inc. (SEFL) is contractually obligated to defend, indemnify, and insure MIWD in relation to a case brought against MIWD by a SEFL employee in the United States District Court for the Northern District of Alabama. The Alabama action related to an injury that the SEFL employee allegedly sustained while unloading a truck containing MIWD products. MIWD alleges that the shipping agreement between MIWD and SEFL obligated SEFL to defend, indemnify, and provide insurance to MIWD related to the employee's injury [doc no. 34].

SEFL filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) contending that MIWD's claims are barred by the Pennsylvania Workers' Compensation Act [doc. no. 37]. For the reasons that follow, SEFL's motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc.,

398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed SEFL's motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal is appropriate at this time.

Specifically, MIWD has alleged that SEFL expressly agreed to defend, indemnify, and insure MIWD against suits brought by SEFL employees, except to the extent that the injuries were caused by MIWD's own negligence. [Doc. No. 34]. SEFL argues that it did not expressly assume such obligations under the parties' agreement.

MIWD's allegations, if true, may state a claim for breach of contract. Our ruling, however, does not prevent SEFL from raising these arguments after discovery is complete in a motion for summary judgment.

Therefore, this 27 day of February, 2009, IT IS HEREBY ORDERED that defendant Southeastern Freight Lines, Inc.'s motion to dismiss [doc. no. 37] is denied without prejudice to its right to raise these issues under Rule 56 on a properly developed record.

BY THE COURT:

_____, J.

cc: All Counsel of Record