IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MI WINDOWS & DOORS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:07-cv-01233-GLL |
| vs. ) | |
| ) | |
| ) | |
| SOUTHEASTERN FREIGHT LINES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED CONFIDENTIALITY ORDER

Upon the request and stipulation of the parties and their counsel for the entry of a confidentiality order governing the disclosure of certain specified documents and other information of a confidential nature, and finding that such an order is necessary in order to facilitate and expedite discovery and bring these proceedings to a just, speedy and efficient conclusion while protecting the confidentiality of information obtained from the parties, it is hereby ORDERED, ADJUDGED and DECREED that the following terms and conditions shall apply to the documents to be produced by the parties in this litigation ("the Produced Documents"):

1. Upon a party's reasonable belief that confidential information is involved, a party shall have the right to designate and label any Produced Document and any information that is revealed by any Produced Document by way of responses to document requests, answers to interrogatories, deposition testimony, responses to requests for admissions, responses to subpoenas or other means as "Confidential" pursuant to the procedures set forth herein.

2. All copies of documents or papers contained in a Produced Document determined by a party as containing "Confidential" information shall be stamped or labeled as such. If documents are produced for inspection at the offices of the designated party's counsel, such documents may be produced for inspection by only the opposing party's counsel before being marked in accordance with this Order. Once specified documents produced for inspection have been selected for photocopying, any documents containing "Confidential" material shall then be marked before delivery to the counsel who inspected and selected the documents; provided, however, that when required to facilitate prompt production, individual documents cannot be so marked, counsel for the designating party may by letter give notice of his intention to designate certain categories of documents that have been so produced as "Confidential". There will be no waiver of confidentiality by the inspection of "Confidential" documents before they are copied and marked pursuant to this Order, nor by the inadvertent disclosure of such documents.

3. All answers to interrogatories and responses to request for admissions involving Produced Documents that are determined by a party to be "confidential" shall be prefaced with the warning "<u>CONFIDENTIAL</u>" and all pages thereafter shall be stamped accordingly.

4. All deposition testimony involving Produced Documents for which "Confidential" status is claimed shall be so designated on the record at the time the testimony is given. If any "Confidential" discovery materials are used in a deposition, all portions of the transcripts of such deposition which refer or relate to such "Confidential" information shall be treated as designated as such and shall be bound separately.

5. If a party's counsel reasonably believes that a question asked at a deposition contains "Confidential" information, then counsel shall notify opposing counsel on the record at the time the question is asked and, thereafter, only those persons permitted by this Order to

receive "Confidential" information may be present during the disclosure or discussions of such material or information at the deposition.

6. With respect to any document, transcript or paper designated as "Confidential," or any brief, affidavit, or other paper attaching or referring to such "Confidential" materials, those papers shall be filed with the Court under seal. The sealed envelope shall be prominently marked "Confidential – Disclosure Subject to Court Order Only" and shall be kept under seal until further order of this Court. One copy of any designated materials filed under the seal shall be furnished to opposing counsel.

7. All discovery materials designated "Confidential" and any notes, work papers or other documents prepared from them which contain "Confidential" information shall be retained by the attorneys of record in this action and shall be disclosed only to the following individuals:

(a) The attorneys of record in this case and the members, associates, paralegals and other employees of their law firms;

(b) Judicial officers and personnel, including stenographic reporters, videographers and interpreters, involved in this action;

(c) Persons (other than the parties to this action) retained for the purpose of furnishing expert services or testimony or providing assistance in the preparation of this action if, prior to disclosing any such materials, counsel shall have obtained from such consultant or expert an agreement in writing stating that he or she has read this Confidentiality Order and acknowledges an understanding that he or she is bound by its provisions;

(d) The named parties to this action and any officer, director, employee or representative of the parties who are required in good faith to provide assistance in the conduct of this litigation and who shall be advised of and subject to the provisions of this Stipulation and Order;

(e) Any witness at a deposition, hearing or trial if the disclosing party or its counsel reasonably determines in good faith that the disclosure is necessary, provided that the witness is provided a copy of this Confidentiality Order and is advised on the record that he or she is bound by its terms; and

(f) The person or entity which wrote, authored or received the document or gave the testimony designated as "Confidential."

8. Any person identified in the preceding paragraph to whom "Confidential" information is disclosed shall not disclose such materials to any other person not included in this Order, except as otherwise agreed upon in writing by the parties or except as permitted by subsequent order of this Court.

9. The entry of this Confidentiality Order shall not create any presumption that any discovery materials designated as "Confidential" are, in fact, confidential and entitled to protection against disclosure, and this Order is without prejudice to the right of any party or its counsel to seek from this Court a release from the terms of this Order as to any discovery materials designated as "Confidential." The parties will use their best efforts to resolve any objections that arise as a result of the designation of materials as "Confidential." However, if the parties are unable to resolve their differences, then they must comply with this Court's rules regarding the resolution of discovery disputes. Pending a resolution, the documents and/or

material in question shall continue to be treated as designated.

10. Unless otherwise directed by this Court, nothing in this Order shall preclude the use of discovery materials designated as "Confidential" at trial or in connection with motions, hearings or other proceedings before this Court. The parties agree, however, subject to the discretion of this Court, that they will request this Court to maintain the confidentiality of any such materials designated as "Confidential" during all court proceedings, including trial or any appeal in this action.

11. Nothing in this Order shall be construed to restrict a party's own use of documents or information covered by this Order, nor shall this Order bar counsel from rendering advice to his or her client with respect to this action and, in the course thereof, referring to, relying upon or disclosing such "Confidential" materials to the persons identified in Paragraph 7 above. This Order in no way operates to restrict the disclosure or use of any information that is known or becomes known through means or sources outside of this litigation.

12. Absent written modification by the parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of information designated as "Confidential" shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order. Within thirty (30) days of the conclusion of this action, including appeals, the parties and their counsel shall promptly (1) return to counsel for the party who requested the "Confidential" designation all materials designated as "Confidential," including all copies, extracts and summaries thereof, except for attorney-client communications and attorney work papers, or (2) provide to counsel for the party who requested the "Confidential" designation a writing confirming that all such materials have been destroyed.

Notwithstanding the foregoing, each counsel may retain one copy of all pleadings which might contain or refer to such confidential materials. The copy of these retained documents shall be treated as "Confidential" and counsel for the parties shall immediately notify counsel for the party who designated the information as "Confidential" of any attempt by third parties to inspect or copy said documents.

13. Any party may apply for modification of this Order upon reasonable notice to the other party and after counsel for the party which deems itself aggrieved shall have contacted opposing counsel to attempt to resolve the issue through informal negotiation. This Order shall not be deemed a waiver by any party of its rights to object to any discovery on any of the grounds provided by the Federal Rules of Civil Procedure, including confidentiality, or otherwise.

14. Nothing in this Order shall affect any matter of attorney-client privilege, product privilege or any other privilege for immunity.

15. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply to this Court in this action to obtain injunctive relief against any such person violating or threatening to violate any terms of this Order and, in the event the aggrieved person shall do so, the respondent person subject to the provisions of this Order shall not employ as a defense the claim that the aggrieved person possesses an adequate remedy at law. The parties and any other person subject to the terms of this Stipulation and Order agree that this Court has jurisdiction over such person or party for purposes of enforcing this Order.

ENTERED THIS 27TH day of OCTOBER, 2009.

BY THE COURT:

_____
United States District Court Judge

STIPULATED AND CONSENTED TO:

/s/ William J. Moorhead                                    Date: October 27, 2009
Eugene A. Giotto, Esquire
William J. Moorhead, Esquire
John G. Ebken, Esquire

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA  15219

Attorneys for Plaintiff


/s/ Todd A. Schoenhaus, Esquire                            Date: October 27, 2009
Todd A. Schoenhaus, Esquire
James J. Quinlan, Esquire

BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103-6998

Attorneys for Defendant