```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MI WINDOWS & DOORS, INC.,     )
         Plaintiff,           )
                              )
    v.                        )  Civil Action No. 07-1233
                              )
SOUTHEASTERN FREIGHT LINES,   )
INC.,                         )
         Defendant.           )
```

## ORDER

AND NOW, this 13th day of January, 2010, IT IS HEREBY ORDERED that the parties shall proceed as follows:

A.   Case Management Plan

1) Any motion for summary judgment motion, and brief in support, shall be filed on or before February 22, 2010.

2) Any response to a motion for summary judgment and brief shall be due on or before March 24, 2010.

3) Any reply to a response to a motion for summary judgment shall be due on or before April 7, 2010. THERE SHALL BE NO OTHER BRIEFING UNLESS ORDERED BY THE COURT.

4) The court will conduct a status conference on Friday, June 25, 2010 at 10 a.m..

B.    <u>Summary Judgment Motions</u>

The motion for summary judgment must set forth succinctly, but without argument, the specific grounds upon which the judgment is sought and must be accompanied by:

**(a)** A separately filed concise statement setting forth the facts essential for the court to decide the motion, which the moving party contends are **undisputed and material**, including any facts which for purposes of the motion only are assumed to be true. The facts set forth in any party's Concise Statement shall be stated in separately numbered paragraphs in a form similar to a plaintiff's complaint.  At the conclusion of each fact, a party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of that fact;

**(b)** A supporting memorandum addressing applicable law and explaining why there are no genuine issues of material fact to be tried and why the moving party is entitled to judgment as a matter of law; and

**(c)** An appendix including documents referenced in the Concise Statement.  Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

2

The response in opposition to a motion for summary judgment shall consist of the following:

**(d)** A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:

(1) admitting or denying each fact contained in the moving party's Concise Statement of Material Facts, and where appropriate, indicating whether a fact is immaterial.

(2) If disputed or not admitted in its entirety, the respondent shall state a concise counter statement of the matter.  At the conclusion of each counter statement, respondent shall refer, with particularity, to those portions of the record upon which respondent relies.  For example,

"5)   Admitted.

6)   Disputed.  On the contrary . . . (See plaintiff's deposition of November 1, 2007, at Page 7, lines 12-14)"; and

(3) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment;

**(e)** A memorandum of law in opposition to the motion addressing applicable law and explaining why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law; and

**(f)** An appendix including documents referenced in the Responsive Concise Statement.  Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

Any reply to a response in opposition to the motion for summary judgment shall be made in the same manner as set forth in LR 56.1C, and the instructions immediately above.

Alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement, with specific citation to the record, of the opposing party.

C.    <u>Procedures Following Inadvertent Disclosure</u>

In order to aid the implementation of Fed.R.Evid. 502, the parties shall adhere to the following procedures:

**a.** The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

**b.** Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

**c.** If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

BY THE COURT:

<u>s/Gary L. Lancaster</u>      , J.
Hon. Gary L. Lancaster,
Chief United States District Judge

cc:   All Counsel of Record

5